**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

E.W. Blanch Holdings, Inc. and E.W. Blanch Co., Inc.,

Plaintiffs,

v.

Kevin D. Knudson,

Defendant.

Civil No. 01-775 (DWF/AJB)

**ORDER**

---

J.D. Jackson, Esq., and Todd Schnell, Esq., Dorsey & Whitney, Pillsbury Center South, 220 South Sixth Street, Minneapolis, MN 55402, and Daniel O'Keefe, Esq., E.W. Blanch Holdings, Inc., 500 North Akard, Suite 4500, Dallas, TX 75201, General Counsel for E.W. Blanch Holdings, Inc. and E.W. Blanch Co., Inc., for Plaintiffs.

Bruce Douglas, Esq., Larkin, Hoffman, Daly & Lindgren, 1500 Northwest Financial Center, 7900 Xerxes Avenue South, Bloomington, MN 55431, for Defendant.

---

On May 10, 2001, this Court entered a temporary restraining order enjoining the Defendant from engaging in certain activities in competition with his former employer, Plaintiff E.W. Blanch. It has come to the Court's attention that paragraph 1(b) of the May 10, 2001, Order, is potentially confusing or overbroad. Accordingly, the Court hereby amends that paragraph as noted below. The parties should understand that the relatively broad scope of the temporary restraining order is justified only because of the temporary nature of that order; should the Court ultimately enter a preliminary or permanent injunction, the Court cannot conceive that it will construe "prospects" so broadly.

The Court further notes that this litigation should be resolved by agreement between the parties. Both sides have shown the complex nature of the reinsurance industry and the difficulty inherent in crafting some clear delineation of what Mr. Knudson can and cannot do in that

JUN 04 2001
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

industry now that he no longer works for E.W. Blanch. Given the nature of the relationship between the parties and the nature of the industry in which they operate, a fair and adequate compromise can best be reached by the parties; the Court does not have the flexibility of options available to address all of the nuances of the dispute between the parties.

**IT IS HEREBY ORDERED**:

1. Paragraph 1(b) of the Court's May 10, 2001 Order is amended to read: "Defendant Kevin D. Knudson is ordered and directed not to solicit or accept business from any clients or prospects of E.W. Blanch until such time as this Court shall have an opportunity to act on Plaintiffs' motion for a preliminary injunction or shall issue an order canceling this temporary restraining order. For the limited purposes of this Order, the term 'prospects' refers to potential clients of E.W. Blanch with which Knudson had personal contacts, for which Knudson developed strategies, and about which Knudson obtained confidential information or trade secrets while an employee of E.W. Blanch.

2. The May 10, 2001, Order remains, in all other respects, in full force and effect.

3. E.W. Blanch shall prepare a list of all prospects, as defined in this Order, for Mr. Knudson's review and shall provide that list to Mr. Knudson contingent upon Mr. Knudson signing an agreement to treat the contents of that list as confidential information pending resolution of the issue by a court of law. That agreement should state explicitly that Mr. Knudson's signature is not intended as an admission that the contents of the list are, in fact, confidential, proprietary, or trade secrets.

4. If Mr. Knudson challenges the propriety of including any potential client on the list of "prospects," any and all documents relating to that challenge should be filed under seal.

Dated: June 4, 2001

DONOVAN W. FRANK
Judge of United States District Court