UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

E.W. BLANCH HOLDINGS, INC.
and E.W. BLANCH CO., INC.,

Plaintiffs,

vs.

File No.01-CV-775 (DWF/AJB)

**STIPULATION AND PROTECTIVE ORDER**

KEVIN D. KNUDSON,

Defendant.

THIS PROTECTIVE ORDER shall apply to all materials produced or testimony by a party or any person or entity (hereinafter "party") that is identified by that party as non-discloseable in the matter captioned above (referred to in this Stipulation and Protective Order as "this litigation"), including materials and testimony previously produced or given by any party prior to the entry of this Protective Order. The parties further agree that any materials disclosed under this Protective Order may be used in an effort to simultaneously resolve the litigation by Mr. Knudson and AON RE, Inc. against E.W. Blanch Co., Inc., File No. 01-1739 in the United States District Court for the Southern District of Florida, as follows: (i) any materials disclosed by E.W. Blanch Holdings, Inc. and E.W. Blanch Co., Inc. may be disclosed to a single representative of AON RE, Inc., and (ii) any materials disclosed by AON RE, Inc., may be disclosed to a single representative of E.W. Blanch Holdings, Inc. and E.W. Blanch Co., Inc.

1. "Non-Discloseable Material," as used in this Stipulation and Protective Order, shall mean all documents, testimony and other information, in whatever form, including without limitation electronic, electro-magnetic or machine-readable form, that constitutes, contains, is derived from, or otherwise reflects, trade secrets or other confidential research, development, or

FILED JUN 08 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

commercial information, and designated in good faith by any producing party to be confidential, whether "originals" or "copies," and all copies thereof.

2. Under this Stipulation and Order, there shall be two categories of Non-Discloseable Material: "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY." The category of documents labeled "CONFIDENTIAL" refers to all material deemed by a party to be Non-Discloseable Material pursuant to the standards set forth in paragraph 1, above. The category of documents labeled "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" refers to all material deemed by the Producing Party to be highly sensitive because of its significance to the commercial success of that party. The parties will designate documents "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" in good faith.

3. Non-Discloseable Material designated by a party as "CONFIDENTIAL" shall only be used for the purpose of this litigation and may be disclosed only to:

(a) the Court;

(b) the other parties to this Stipulation and Protective Order;

(c) designated employees of the parties to this litigation who reasonably need access to such materials for the prosecution or defense of this litigation;

(d) the parties' in-house and outside counsel (including counsel's partners, associates, and employees);

(e) the designated representative of AON RE, Inc.,

(f) the designated representative of E.W. Blanch Holdings, Inc. and E.W. Blanch Co., Inc., if the materials are produced by AON RE, Inc.; and

(g) independent experts, including their staff, retained by the other party and having no permanent employment or permanent consulting relationship with that other party.

4. Non-Discloseable Material designated by a party as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" shall only be used for the purpose of this litigation and may be disclosed only to:

(a) the Court;

(b) the other party's outside counsel (including counsel's partners, associates, and employees): and

(c) independent experts, including their staff, retained by the other party and having no permanent employment or permanent consulting relationship with that other party.

5. In no event shall any of the materials designated as Non-Discloseable Material (i.e., "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY") by any party be disclosed to or used by anyone outside this litigation, except as provided to the representative of AON RE, Inc. Under no circumstances, shall any of the materials designated as Non-Discloseable Material be used for a competitive purpose, either during the pendency of this litigation or after this litigation has been concluded.

6. A designation of materials into the two categories described in paragraph 2 above shall be made by affixing or placing the notice "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" on such material. All such notices of such designation shall be affixed in such a manner that does not interfere with the legibility, or use of the materials.

7. Any party giving testimony in these proceedings may designate all or a portion of his or her testimony as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" under this Stipulation and Protective Order by advising the court reporter and all counsel at the deposition or proceeding of such fact. The court reporter shall separately transcribe those

portions of the testimony so designated and mark the face of each relevant page of the transcript of the testimony with the words: "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY." Whenever any document designated as Non-Discloseable Material is identified as an exhibit in connection with deposition testimony given in the proceedings, it shall be placed in an envelope separate from the other exhibits, which envelope shall be marked, "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY." In addition, any portion of a transcript not designated at the time the testimony is given shall nevertheless be treated as "CONFIDENTIAL" for a period of five (5) days after the party or witness receives the transcript of his or her testimony as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY." Such designation may be made by marking the transcript as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" or by listing the page and inclusive line numbers of the material designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" and by providing such designation to the other parties, their counsel and the court reporter. The court reporter shall thereafter mark the fact of each relevant page as confidential and separately transcribe those portions of the testimony so designated. Thereafter, only such portions of a transcript that have been affirmatively designated in writing by a party or witness to be "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" shall be treated as such under this Stipulation and Protective Order.

8. Information designated as Non-Discloseable Material pursuant to this Stipulation and Protective Order shall be treated as required by this Stipulation and Protective Order by all persons to whom such information may be disclosed. In addition, except for outside counsel

(and their employees) representing the parties, each person who is authorized by this Stipulation and Protective Order to inspect or have access to materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" and who does inspect any such material, shall, before conducting such inspection or having such access, be provided with a copy of this Stipulation and Protective Order, shall execute an undertaking in the form annexed to this Stipulation and Protective Order as Exhibit "A," and shall therefore be bound by this Stipulation and Protective Order. These executed undertakings shall be maintained by counsel of record responsible for the disclosure and shall be available for inspection by all other counsel of record after the close of discovery.

9. After the conclusion of this case, all designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" materials (with the exception of those materials which contain the notes of outside counsel or inside counsel of the parties and which outside and inside counsel reasonably and in good faith believe reflect attorney work product or attorney-client communications), shall be returned to the party that produced such materials or shall be destroyed. In the event that a party chooses to destroy materials rather than return them to the party that produced, them, the party destroying the materials shall certify in writing that all such materials were destroyed and that no copies have been retained by the party, and inside counsel and outside counsel for that party. With respect to those materials reflecting attorney work product or attorney-client communications, outside counsel and inside counsel may destroy such materials or may retain such materials in their possession, provided that if such material are retained, they shall be maintained in a manner consistent with this Stipulation and Protective Order. All "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY"

transcripts of testimony and exhibits to such testimony shall be disposed of in such manner agreed to by the parties or as otherwise directed by the Court upon motion by the party designating the materials.

10. At any time after the production of any material designated as Non-Discloseable Material by one party, any other party to this Stipulation and Protective Order may serve a written notice of objection to such designation stating the reasons for such objection. If the dispute is not resolved through the meet and confer process within one (1) day of notification of the non-producing party's disagreement with the confidential designation, the producing party shall have two (2) days to move the court for protection. Pending resolution of a dispute over whether material or information should be considered Non-Discloseable Material, all parties and all other persons bound by the Protective Order shall continue to treat the material as Non-Discloseable Material until the issue is resolved by the Court.

11. Notwithstanding any provision herein to the contrary, if any party to this Stipulation and Protective Order should conclude in good faith that for the purpose of this litigation, it needs to disclose any of the information contained in any Non-Discloseable Material, or any information derived from such material to any person not described in paragraph 3 or paragraph 4 of this Stipulation and Protective Order, it may request permission from counsel for the designating party to do so for specified reasons. If counsel cannot agree as to the disposition of such a request, application to the Court for a ruling on such request may be made.

12. Should any party to this Stipulation and Protective Order desire to use in open Court any Non-Discloseable Material, that party must give reasonable notice to the party designating the material of such intent, so that the status of such documents may be protected by

agreement or, if necessary, as determined and directed by the Court. In addition, Non-Discloseable Material which is reproduced, referred to or otherwise contained in transcripts of depositions, exhibits, affidavits, memoranda, briefs, written discovery, or other documents filed with the Court or the Clerk of Court in this litigation, shall be placed prior to filing in a sealed envelope marked "CONTAINS CONFIDENTIAL MATERIAL UNDER PROTECTIVE ORDER," or "CONTAINS CONFIDENTIAL MATERIAL FOR ATTORNEYS' EYES ONLY UNDER PROTECTIVE ORDER." The party filing any such Non-Discloseable Material shall specifically bring to the attention of the Clerk of the Court at the time of filing that the material is to be filed in accordance with the Court's rules for filing Non-Discloseable Material.

13. A party designating materials as Non-Discloseable Material may, directly or through its counsel of record, agree in writing or on the record during any deposition or proceeding to declassify any material.

14. Any party to this Stipulation and Protective Order may apply to the Court at any time for modification of this Stipulation and Protective Order, for supplemental orders or for further protection.

15. The designation of any document, information or other materials as Non-Discloseable Material herein is for the purpose of this Stipulation and Protective Order only, and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this litigation apart from the application of this Stipulation and Protective Order.

16. Pursuant to Paragraph 3 of the Court's June 4, 2001, Order, "Mr. Knudson's signature is not intended as an admission that the contents of the list are, in fact, confidential, proprietary, or trade secrets."

17. Nothing in this Stipulation and Protective Order shall be construed as a waiver of the right of any party to object to the production of documents on the grounds of privilege or on other grounds not related to the confidentiality of the documents.

18. Nothing in this Stipulation and Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any proposed evidentiary materials.

19. Entering into, agreeing to, and/or producing or receiving Non-Discloseable Material, or otherwise complying with the terms of the Protective Order shall not:

(a) operate as an admission by any party that any particular Non-Discloseable Material contains or reflects any type of confidential information;

(b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection of or any particular information deemed by any party to be Non-Discloseable Material;

(c) prejudice in any way the rights of a party to obtain a determination by the Court whether any Non-Discloseable Material is, should, or should not continue to be subject to the terms of this Protective Order;

(d) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

(e) prevent the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Non-Discloseable Material;

(f) prejudice in any way the right of any party to seek modification of this Protective Order or for additional or different protection where it is deemed necessary; or

(g) prejudice in any way the rights of any party to seek to introduce Non-Discloseable Materials in evidence at trial or any hearing, or affect the admissibility in evidence of any such material.

20. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials, or information designated as Non-Discloseable Material if legitimately obtained by such party outside the discovery proceedings in this litigation.

21. If a party who received Non-Discloseable Material is later required by law, regulation, subpoena, or order to disclose or provide Non-Discloseable Material to any person or to any judicial, governmental, or administrative body, the party being required to disclose or provide the Non-Discloseable Material (the "Disclosing Party") shall give written notice of such proposed disclosure to the attorneys of record of the producing party and the other parties to this action at least five (5) days before such disclosure. If the law, regulation, or order requires disclosure in a way that renders five (5) days' notice impracticable, the Disclosing Party shall give such notice by telephone as soon as practicable, but in any event before disclosure is made.

22. Outside counsel for the parties shall be entitled to retain court papers, transcripts, litigation files, and attorney work product (which include within them references to Confidential Material) provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, transcripts, litigation files, or attorney work product to any person except pursuant to court order or agreement with the Producing Party. All materials returned to the parties or their counsel by the Court shall similarly be disposed of according to the preceding paragraph.

DATED: June 6, 2001

DORSEY & WHITNEY LLP

By [signature]
J D. Jackson, No. 49219
Todd W. Schnell, No. 252256
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Attorneys for Plaintiffs
E.W. Blanch Holdings, Inc. and
E.W. Blanch Co., Inc.

DATED: June 6, 2001

LARKIN, HOFFMAN, DALY & LINDGREN, Ltd.

By [signature]
Bruce J. Douglas, No. 23966
John J. Steffenhagen, No. 195947
Daniel J. Ballintine, No. 256584
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Bloomington, Minnesota 55431
Telephone: (952) 835-3800

Attorneys for Defendant Kevin D. Knudson and
AON RE, Inc.

SO ORDERED:

Dated: ____________, 2001

Honorable Donovan W. Frank
Judge of the United States District Court

**EXHIBIT A**

**AGREEMENT TO PROTECTIVE ORDER**

STATE OF ____________)
) ss.
COUNTY OF ____________)

The undersigned, being duly sworn and of lawful age, deposes and says the following:

1. Affiant's full name and current address is: ______________________________
______________________________________________________________________

2. Prior to receiving any documents and information designed by ______________ as confidential, I was provided with a copy of the Protective Order, which I have read and fully understand.

3. I agree to be bound by the terms of the Protective Order, and to submit to the jurisdiction of the United States District Court for the District of Minnesota concerning the enforcement of the Order.

4. I understand and agree not to discuss, disclose, or otherwise reveal the information subject to the Protective Order to anyone, except individuals who also are permitted to view, inspect, examine, or discuss the materials, as stated in the Protective Order

FURTHER AFFIANT SAYETH NOT.

______________________

Subscribed and sworn to before me
this _____ day of _________, 2001.

______________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.